UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-12480 GAO

_____
)
JOHN MCCARTHY,                                     )
               Plaintiff                         )
                                                                )
v.                                                              )
                                                                )
CITY OF GLOUCESTER, MASSACHUSETTS,)
JOHN BELL, MAYOR OF THE CITY OF          )
GLOUCESTER, MASSACHUSETTS; and         )
JOHN BEAUDETTE, POLICE CHIEF OF         )
THE CITY OF GLOUCESTER,                        )
MASSACHUSETTS,                                       )
               Defendants                     )
_____ )

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1, Plaintiff John McCarthy, through his attorneys, hereby moves this Court for an order compelling Defendants City of Gloucester, John Bell and John Beaudette (collectively "Defendants") to produce the discovery requested by Plaintiff, as described in more detail below.  This motion concerns the Plaintiff's right to information that is both discoverable and directly relevant to his claim that he was bypassed for a promotion to Lieutenant for Plaintiff's union activities in violation of the First Amendment.  Specifically, Plaintiff requests three categories of discovery that Defendants have refused to produce.  First, Plaintiff seeks discovery relating to other promotions made by the Gloucester Police and Fire Departments.  Second, Plaintiff requests the personnel file of Michael O'Hanley, who is the individual promoted to the position sought by Plaintiff.  Lastly, Plaintiff requests documents relating to the City's communications with

the Gloucester Superior Officers' Association. Because this information is relevant to this case, Plaintiff respectfully requests that the Court compel Defendants to produce the requested discovery.

## FACTUAL BACKGROUND

Plaintiff John McCarthy filed the complaint in this action in December 2005, alleging that he was bypassed for a promotion to Lieutenant in violation of his First Amendment rights. On March 8, 2006, Plaintiff served written discovery on the Defendants, including Plaintiff's First Request for Production of Documents to City of Gloucester (attached as Exhibit 1) and Plaintiff's First Set of Interrogatories to City of Gloucester (attached as Exhibit 2). Similar discovery requests were served on Defendants John Bell and John Beaudette. Responses and objections to Plaintiff's document requests (attached as Exhibit 3) and Plaintiff's Interrogatories (attached as Exhibit 4) were served on the Plaintiff by all Defendants on June 1, 2006.[1]

Plaintiff's counsel attempted to resolve the outstanding discovery issues in this case, through written correspondence (attached as Exhibit 5 and 6) and a discovery conference with Defendants' counsel. Because these efforts have been unsuccessful and because the documents and information sought by Plaintiff are clearly relevant and discoverable, Plaintiff now files this motion to compel.

---

[1] Plaintiff is attaching only the responses provided by Defendant City of Gloucester. As noted above, the document requests and interrogatories at issue are the same for each Defendant. Moreover, with respect to the discovery at issue, the responses of Defendants Bell and Beaudette simply cite to the City of Gloucester's responses or provide the exact same response as the City of Gloucester.

**ARGUMENT**

I. **PARTIES ARE ENTITLED TO DISCOVERY ON ALL MATTERS RELEVANT TO THE CLAIMS IN THE COMPLAINT.**

Pursuant to Rule 26, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . ." Fed. R. Civ. P. 26(b)(1). Moreover, the scope of discovery includes all relevant information, regardless of whether it would be admissible at trial, as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Courts construe relevancy broadly at the discovery stage, "such that information is discoverable if there is *any probability* that it might be relevant to the subject matter of the litigation." *United States v. Mass. Indus. Fin. Agency*, 162 F.R.D. 410, 414 (D. Mass. 1995) (emphasis added); *see also E.E.O.C. v. Electro-Term, Inc.*, 167 F.R.D. 344, 346 (D. Mass. 1996) ("Relevancy" under Rule 26 is "broadly construed at the discovery stage such that information is discoverable if there is any possibility that it might be relevant to the subject matter of the action."). Accordingly, courts in the First Circuit have "repeatedly held that there should be generally unrestricted access to sources of information" during discovery. *Cohn v. Dart Industries, Inc.*, 1976 WL 44045, at *1 (D. Mass. Apr. 26, 1976) (citing *Horizons Titanium v. Norton Co.*, 290 F.2d 421 (1st Cir. 1961). This "broad and liberal" interpretation of the federal discovery rules is reflective of a policy that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (quoted in *Atchison Casting Corp. v. Marsh, Inc.*, 216 F.R.D. 225, 227 (D. Mass. 2003)).

## II. DISCOVERY RELATING TO OTHER PROMOTIONS WITHIN THE GLOUCESTER POLICE AND FIRE DEPARTMENTS IS RELEVANT AND DISCOVERABLE.

In Interrogatory No. 3 and Document Request No. 4, Plaintiff requested information and documents relating to promotions within the Police Department and/or within the Fire Department from 1995 to the present, including: (a) civil service promotional exam results; (b) civil service lists; (c) position postings; (d) materials submitted by candidates; (e) documents related to the selection of the candidate; (f) recommendations for appointment; (g) correspondence to applicants not selected; and (h) documents relating to bypasses of individuals off of the applicable civil service list. Exs. 1, 2.  In response to these requests, Defendants have provided only a list of "Permanent Promotions in the Police Department Since 1995" (attached as Exhibit 7).[2]

Defendants' purported basis for refusing to provide the requested information is that the requests are overly broad, unduly burdensome, are confidential, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Ex. 4.  These objections are without merit.  By Defendants' own admission, there have been only 15 promotions in the Police Department since 1995.  *See* Ex. 7.  Therefore, it is difficult to believe that the requested documents regarding those promotions are unduly burdensome to produce.  Nor is the request overly broad as it is properly limited to those documents related to promotions – the exact issue in this litigation.

Inexplicably, Defendants also claim that the request requires production of documents that are "irrelevant and not reasonably calculated to lead to the discovery of

---

[2] Plaintiff requested information about promotions in both the Police and Fire Departments, because the civil service procedure for hiring in those departments is identical and the Mayor has final decisionmaking authority as to promotions in both Departments.  Defendants' list of promotions includes only those in the Police Department.  Accordingly, Plaintiff requests that the same information be provided for promotions within the Fire Department as well.

admissible evidence." Ex. 4. Plaintiff clearly has a right in discovery to review documents relating to past and present promotions in order to compare the application processes and decisions made in other promotions to his own failed promotion. Moreover, Defendants have already ceded to the relevance of the request by producing to Plaintiff a list of the promotions granted by the Police Department in response to Interrogatory No. 3. Plaintiff now merely seeks all the documents related to those promotions already identified by the Defendants (and related to promotions in the Fire Department).[3]

### III. DISCOVERY RELATING TO MICHAEL O'HANLEY'S PERSONNEL RECORD IS RELEVANT AND DISCOVERABLE.

In Document Request No. 2, Plaintiff requests the personnel file of Michael O'Hanley. Ex. 2. Mr. O'Hanley is the individual who received the promotion that is the subject of Plaintiff's complaint. Defendants object to this narrowly tailored request and allege that the request is overbroad, burdensome, confidential, irrelevant and not likely to lead to the discovery of admissible evidence. Ex. 4.

---

[3] Defendants' counsel also indicated during the discovery conference, though not in the objections themselves, that some of the requested documents may be confidential under the Massachusetts public records law. It is Plaintiff's position that state statutory privileges have no bearing on whether documents are discoverable under the Federal Rules of Civil Procedure, which apply *federal* common law in making relevancy determinations. Fed. R. Evid. 501; *see also Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 226-27 (D. Mass. 1997). Accordingly, federal courts typically grant a motion to compel discovery even if there is a state statutory privilege, because "federal practice trumps the state law." *O'Neil v. Q.L.C.R.I., Inc.*, 750 F. Supp. 551, 557 (D.R.I. 1990). Here, Plaintiff has brought this case under 42 U.S.C. § 1983, alleging violations of the First Amendment of the United States Constitution. As such, the state statutory exemptions to public records law are inapplicable. *Cf. Baldridge v. Shapiro*, 455 U.S. 345, 360 (1982) (observing that "[m]ost courts have concluded that an FOIA exemption does not automatically constitute a 'privilege' within the meaning of the Federal Rules of Civil Procedure."); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1233 (1st Cir. 1992) (noting that the fact that a document is discoverable does not mean it is must be available for access to the public); *Town Crier, Inc. v. Chief of Police of Weston*, 361 Mass. 682, 691, 282 N.E.2d 379 (1972) (noting that in Massachusetts state court, "[a]ll police records . . . whether or not they are public records, are subject to being summoned before a proper tribunal in accordance with established rules of law."). Thus, even if the documents requested were exempt from disclosure as *public records*, that determination has no bearing on whether they are subject to disclosure in *discovery* in this case. Moreover, Plaintiff has agreed to the entry of a protective order as to any sensitive information, alleviating any confidentiality concerns. *See* Ex. 6.

5

In fact, the request is clearly relevant and very likely to lead to the discovery of admissible evidence because it deals specifically with the individual who was promoted to the Lieutenant position instead of the Plaintiff. Since Plaintiff's claim is that he was wrongfully passed over for that promotion, the qualifications of Mr. O'Hanley, most easily attained by reviewing his personnel file, are clearly relevant to the claims made in this litigation. Additionally, the claim that the request is overbroad or unduly burdensome simply lacks credibility as the request is very narrowly tailored and requests the personnel file of just one person.[4]

## IV. DISCOVERY RELATING TO THE GLOUCESTER SUPERIOR OFFICERS' ASSOCIATION IS RELEVANT AND DISCOVERABLE.

Document Request No. 9 requests that Defendants provide documents relating to the City's communications with the Gloucester Superior Officers' Association from 2000 to the present. Ex. 2. Defendants objected on the grounds that the request is overbroad, burdensome, confidential, irrelevant and not likely to lead to the discovery of admissible evidence. Ex. 4. In the interest of cooperative discovery, Plaintiff subsequently agreed to narrow the request to "internal and external documents relating to grievances, unfair labor practice charges, complaints, and other disputes between the City and the Gloucester Superior Officers' Association, and the resolution of those issues from 2000 to the present." Ex. 6. However, Defendants continue to refuse to provide documents in response to this request.

The request's relevance is clear. Plaintiff contends that he was passed over for a promotion because of his actions on behalf of the Gloucester Superior Officers' Association, of which Plaintiff has been the President since 1999. Thus, the City of

---

[4] Again, to the extent any information in Mr. O'Hanley's file is confidential, Plaintiff has agreed to a protective order. *See* Ex. 6.

Gloucester's documents regarding its relationship with the Gloucester Superior Officers' Association, and specifically documents relating to grievances, unfair labor practice charges, complaints and other disputes, are relevant because they may contain information which indicates the City's animus towards Plaintiff specifically or towards the Gloucester Superior Officers' Association generally.  Either type of evidence would be relevant in Plaintiff's claim that he was bypassed for the promotion due to his union activities.

Plaintiff's agreement to narrow the request significantly also weakens Defendants' arguments that the request is overbroad or unduly burdensome.  As limited, the request is narrowly tailored to request documents regarding various disputes between Gloucester Superior Officers' Association and the City, exactly the type of documents which would indicate anti-union animus by the Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court order the Defendants to produce the information described above.

>Respectfully submitted,
>
>JOHN MCCARTHY,
>By his attorneys,
>
>   s/Harold L. Lichten
>Harold L. Lichten, BBO #549689
>Hillary Schwab, BBO #(pending)
>Maydad Cohen, BBO #647167
>PYLE, ROME, LICHTEN, EHRENBERG
>     & LISS-RIORDAN, P.C.
>18 Tremont St., Ste. 500
>Boston, MA 02108
>(617) 367-7200

Dated:  July 7, 2006

7

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 37.1(a), I certify that I contacted defense counsel on June 6, 2006, to request a discovery conference, and that a discovery conference was held on June 16, 2006.  The parties were unable to reach an agreement on the issues that are the subject of this motion.

       __s/Hillary Schwab_____
       Hillary Schwab, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2006, I caused a copy of this document to be served by electronic filing on Judy Levenson, Brody Hardoon Perkins & Kesten, LLP, One Exeter Plaza, Boston, MA 02116.

       __s/Hillary Schwab_____
       Hillary Schwab, Esq.